UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEFACTORY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEAPFROG PRODUCT DEVELOPMENT, LLC,<br><br>　　　　Defendant. | Case No. 14-cv-03257-JD<br><br>**ORDER DENYING PLAINTIFF LIFEFACTORY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 27 |

Plaintiff Lifefactory, Inc. ("Lifefactory") has filed an unopposed Administrative Motion to File Under Seal portions of its Disclosure of Non-Party Interested Entities and Persons. *See* Unopposed Administrative Motion to File Under Seal, ECF No. 27. Lifefactory claims that portions of its list of minority shareholders contain confidential commercial information.

**I.　GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or not.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

Outside the dispositive motion context, the standard is different: "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**II. DISCUSSION**

Lifefactory seeks to seal portions of its Certification of Interested Entities or Persons, which it was required to file under Civil Local Rule 3-15(b)(1). *See* Redacted Certification of Interested Parties or Persons, ECF No. 27-3. This is a non-dispositive document, so the "good cause" standard applies.

Lifefactory does not object to publicly filing the names of shareholders whose interest in the company exceeds 10%. Decl. of Roy Mabrey ¶ 6, ECF No. 27-2. It claims, however, that the names of some of its remaining shareholders are confidential, because its list of shareholders is a "carefully curated list of individuals, companies, and other entities with an interest in, and aptitude for, investing in health conscious lifestyle brands like Lifefactory" and provide a "road map" of potential investment sources to its competitors. *Id.* ¶ 7.

Lifefactory has not shown good cause for sealing the names of its minority shareholders. The Court finds that Lifefactory's desire to hide potential investors from competitors does not fall within the zone of proprietary or protectable information that overcomes our long tradition of open

2

1  court proceedings and records.  Lifefactory has not demonstrated any possible harm from denial of
2  sealing other than the remote possibility that a competitor and investor might find each other using
3  the certification and put together a business deal.  The sealing provisions serve many legitimate
4  functions, but raising roadblocks to competition, in the absence of trade secret or other similarly
5  proprietary information, is not one of them.

6  The Court therefore denies Lifefactory's Administrative Motion and orders that an
7  unredacted version of Lifefactory's Certification of Interested Parties or Persons be filed within
8  seven days of this order.  *See* Civil L.R. 79-5(f)(2).

9  **IT IS SO ORDERED**.
10 Dated: November 10, 2014

   _____
   JAMES DONATO
   United States District Judge